UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

ELIZABETH ANN CAIN,

Debtor.

_____/

Case No. DK 11-03957
Hon. Scott W. Dales
Chapter 7

OPINION AND ORDER REGARDING SALE MOTION

PRESENT:   HONORABLE SCOTT W. DALES
United States Bankruptcy Judge

Chapter 7 trustee Thomas R. Tibble ("Trustee") filed a motion for authority to sell certain real estate commonly known as 126 Ridgewood Street, Kalamazoo, Michigan (the "Property") for $67,000.00, free and clear of liens and other interests under 11 U.S.C. § 363(f) (the "Motion," DN 29). The Motion identifies two liens asserted against the Property: a mortgage in favor of Fred Krymis (the "Krymis Mortgage") and a claim of equitable mortgage in favor of Almena Corp. (the "Almena Claim"). Mr. Krymis supports the Motion; Almena does not. The court held a hearing to consider the Motion on November 14, 2012 in Kalamazoo, Michigan, and after oral argument, took the matter under advisement.

The parties all agree that both the Krymis Mortgage and the Almena Claim arise out of a questionable prepetition refinancing scheme involving a mortgage formerly encumbering the Property. In a separate adversary proceeding, the Trustee seeks an order avoiding both putative encumbrances on two theories. First, he contends that the Krymis Mortgage should be avoided as a fraudulent conveyance under Michigan's version of the Uniform Fraudulent Transfer Act and 11 U.S.C. § 544(b). Second, with respect to the

Almena Claim, the Trustee challenges the interest as not properly perfected and therefore avoidable under 11 U.S.C. § 544(a).

In the adversary proceeding, because the Trustee alleges that the Property was encumbered at the time of the refinancing, the court has considerable difficulty understanding the Trustee's fraudulent conveyance theory. Nevertheless, Trustee's counsel has filed an amended complaint disputing the Krymis Mortgage based on allegations and legal theories that he certifies under Fed. R. Bankr. P. 9011. Moreover, Mr. Krymis consents to the sale of the Property and supports the Motion. Under these circumstances, the court finds that the Trustee may sell the Property free and clear of the Krymis Mortgage under 11 U.S.C. § 363(f)(2).

Similarly, the court finds that the Trustee's challenge to the Almena Claim, also supported by allegations in the amended complaint made pursuant to Fed. R. Bankr. P. 9011, establishes a bona fide dispute, even though Almena has not yet responded to the Trustee's amended complaint. Although this makes it difficult to evaluate the merits of Almena's defense, on a motion for sale free and clear, the court need only determine whether the dispute is bona fide, not whether the Trustee will succeed on the merits. *See, e.g., In re Downour*, 2007 WL 963258 (Bankr. N.D. Ohio 2007) ("The very purpose of 11 U.S.C. § 363(f)(4) is to allow the sale of property of the estate free and clear of disputed interests so the liquidation . . . is not unnecessarily delayed while the disputes are being litigated."). The court is not willing (and not required) to fast-track the resolution of the Trustee's adversary proceeding in order to determine this Motion.

At the hearing, Almena's counsel also suggested that because Almena may be able to claim the Property under an equitable assignment of the Krymis Mortgage, it

should benefit from any defenses to the fraudulent conveyance counts that Mr. Krymis might assert. However, without foreclosing that possibility in the adversary proceeding, the court notes that Almena has not yet sought that relief (for example by cross-claiming against Mr. Krymis) much less proven its entitlement to any equitable claims.  Because the Almena Claim is derived from the Krymis Mortgage, Almena must abide by Mr. Krymis's consent to the sale at this time. To rule otherwise would effectively deprive the mortgage holder of record of his rights before the challenger (who seeks to upset the status quo) has proven its case.

Finally, at the hearing, Almena's counsel suggested his client should have an opportunity to credit bid. Even if Almena had taken steps to do so, however, the court would be obliged to curtail its rights under 11 U.S.C. § 363(k), for cause, given the pendency  of the adversary proceeding.

For these reasons, the court will authorize the Trustee to sell the Property free and clear of the equitable interests under 11 U.S.C. § 363(f)(4).   This Order, however, shall be stayed for 14 days from entry in accordance with Fed. R. Bankr. P. 6004(h) to permit Almena to protect its appellate rights against possible mootness. *See* 11 U.S.C. § 363(m).

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion is GRANTED and the Trustee may sell the Property free and clear of liens and other interests under 11 U.S.C. § 363(f).

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Perry Pastula, Esq., Cody Knight, Esq., Michael O'Neal, Esq., and the United States Trustee.

**IT IS SO ORDERED.**

**Dated November 19, 2012**



Scott W. Dales
United States Bankruptcy Judge